## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO.

| | |
|---|---|
| JAMES DICKEY,<br>    Plaintiff | ) ) ) ) |
| v. | ) ) ) |
| CITY OF BOSTON, through the<br>    INSPECTIONAL SERVICES<br>    DEPARTMENT, | ) ) ) ) |
| EDWARD COBURN, in his official<br>    capacity as lawyer for the City<br>    of Boston, | ) ) ) ) |
| MARIA THEOPHILIS, in her official<br>    capacity as judge for the Housing<br>    Court, | ) ) ) ) |
| MARYLOU MUIRHEAD, in her<br>    official capacity as judge for<br>    the Housing Court, | ) ) ) ) |
| JEFFREY WINIK, in his official<br>    capacity as judge for<br>    the Housing Court, | ) ) ) ) |
| MARTIN WALSH, in his official<br>    capacity as Mayor of the<br>    City of Boston, | ) ) ) ) |
| WILLIAM CHRISTOPHER, in his<br>    official capacity as Commissioner<br>    of the Inspectional Services<br>    Department of the City of Boston, | ) ) ) ) |
| STUART SCHRIER, in his official<br>    capacity as Receiver, | ) ) ) ) |
| Defendants. | ) ) |

FILED
IN CLERKS OFFICE
2018 JUN -7  AM 8: 31
U.S. DISTRICT COURT
DISTRICT OF MASS.

1

## COMPLAINT

## INTRODUCTION

1. This complaint alleges that Defendant the City of Boston ("City of Boston"), and Defendants Edward Coburn, Jeffrey Winik, Marylou Muirhead, Maria Theophilis, William Christopher, Martin Walsh and Stuart Schrier have violated rights under the Fair Housing Act, as amended, 42 U.S.C. § 3617 et seq., of numerous property owners by interpreting Massachusetts General Law Chapter 111, Section 127I, (the "Statute"), as to allow the Housing Court to seize and sell property owned in the African-American section of the City of Boston to friends of the Court for pennies on the dollar.

The Plaintiffs hereby reserve all rights to file further appropriate amendments to add additional parties and causes of action.

## PARTIES

2. Paintiff, James Dickey, is the sole manager and member of East Fourth Street, LLC. East Fourth Street, LLC. is the owner of record of the real property at 97 Mount Ida Road, Dorchester, Massachusetts (the "Property"). Together, Plaintiff James Dickey and East Fourth Street. L.L.C. own and control the Property at issue in this matter, which is a three family dwelling.

3. Defendant, Inspectional Services Department, is an agency of the City of Boston, a duly organized and existing municipal corporation under the laws of the Commonwealth of Massachusetts.

4. Defendant, Edward Coburn, is an attorney for Inspectional Services Department of the City of Boston, who is believed to reside in West Roxbury, Massachusetts.

2

5. Defendant, William Christopher, is the Commissioner of the Inspectional Service Department of the City of Boston, who is believed to reside in Dorchester, Massachusetts.

6. Defendant, Martin Walsh, is the Mayor of the City of Boston, who is believed to reside in Dorchester, Massachusetts.

7. Defendant, Maria Theophilis, is a Judge at the Eastern Division of the Housing Court, who is believed to reside in Natick, Massachusetts.

8. Defendant, Marylou Muirhead, is a Judge at the Eastern Division of the Housing Court, who is believed to reside in Wellesley, Massachusetts.

9. Defendant, Judge Jeffrey Winik, is a Judge at the Eastern Division of the Housing Court, who is believed to reside in Newton, Massachusetts.

10. Defendant, Stuart Schrier, has been appointed as receiver for the Property, who is believed to reside in Dorchester, Massachusetts.

## FACTUAL BACKGROUND

### FAIR HOUSING CLAIM
### Violation of 42 U.S.C. § 3617

**34 Holborn Street**

11. On April 3, 2017, Edward Coburn, on behalf of the City of Boston, (upon information and belief, as instructed by Martin Walsh and William Christopher), filed a petition for receivership for the real property located at 34 Holborn Street, Roxbury, Massachusetts, a two family residence.

12. On November 7, 2017, Judge Marylou Muirhead appointed a receiver for 34 Holborn Street, Roxbury, Massachusetts, pursuant to the Statute.

3

13. On February 16, 2018, Judge Maria Theophilis conducted a status hearing for the Housing Court case for 34 Holborn Street, Roxbury, Massachusetts.

14. On March 23, 2018, the court appointed receiver Daniel McAuley filed a motion for authorization to accept offer to purchase 34 Holborn Street, Roxbury, Massachusetts.

15. Upon information and belief, the Defendants placed the real property located at 34 Holburn Street, Roxbury into receivership for the purpose of selling the property to a friend of the court; the property is located in the African-American section of the City of Boston.

**80 Greenwood Street**

16. On May 24, 2016, Edward Coburn, on behalf of the City of Boston, (upon information and belief, as instructed by Martin Walsh and William Christopher) , filed a petition for receivership for the real property located at 80 Greenwood Street, Dorchester, Massachusetts, a three family residence.

17. On July 19, 2016, the Housing Court appointed a receiver for 80 Greenwood Street, Dorchester, Massachusetts, pursuant to the Statute.

18. On June 12, 2017, the court appointed receiver James Cotter filed a motion for authorization to accept offer to purchase 80 Greenwood Street, Dorchester, Massachusetts; a deed was subsequently executed by James Cotter and the property was sold.

19. Upon information and belief, the Defendants placed the real property located at 80 Greenwood Street, Dorchester into receivership for the purpose of selling the property to a friend of the court; the property is located in the African-American section of the City of Boston.

4

**271-273 Hancock Street**

20. On April 14, 2017, Edward Coburn, on behalf of the City of Boston, (upon information and belief, as instructed by Martin Walsh and William Christopher), filed a petition for receivership for the real property located at 271-273 Hancock Street, Dorchester, Massachusetts, a two family residence.

21. On May 17, 2017, the Housing Court appointed a receiver for 271-273 Hancock Street, Dorchester, Massachusetts, pursuant to the Statute.

22. On September 1, 2017, the Court adopted the receiver Joshua Krefetz's recommendation that he be allowed to sell the property located at 271-273 Hancock Street, Dorchester, Massachusetts.

23. Upon information and belief, the Defendants placed the real property located at 271-273 Hancock Street, Dorchester into receivership for the purpose of selling the property to a friend of the court; the property is located in the African-American section of the City of Boston.

**100 Mount Pleasant Avenue**

24. On September 11, 2017, Edward Coburn, on behalf of the City of Boston, (upon information and belief, as instructed by Martin Walsh and William Christopher), filed a petition for receivership for the real property located at 100 Mount Pleasant Avenue, Roxbury, Massachusetts, a two family residence.

25. On October 17, 2017, the Housing Court appointed Stuart Schrier as receiver for 100 Mount Pleasant Avenue, Roxbury, Massachusetts, pursuant to the Statute.

26. On January 16, 2018, the Court approved the receiver Stuart Schrier's motion to sell the property located at 100 Mount Pleasant Avenue, Roxbury, Massachusetts. On

5

February 7, 2018, Stuart Schrier subsequently executed a deed for 100 Mount
Pleasant Avenue, selling the property to a third-party.

27. Upon information and belief, the Defendants placed the real property located at 100
Mount Pleasant Avenue, Roxbury into receivership for the purpose of selling the
property to a friend of the court; the property is located in the African-American
section of the City of Boston.

## 97 Mount Ida Road

28. On December 27, 2017, Edward Coburn, on behalf of the City of Boston, (upon
information and belief, as instructed by Martin Walsh and William Christopher), filed
a petition for receivership for the real property located at 97 Mount Ida Road,
Dorchester, Massachusetts, a three family residence.

29. On May 25, 2018, the Housing Court appointed Stuart Schrier as receiver for 97
Mount Ida, Dorchester, Massachusetts, pursuant to the Statute.

30. Upon information and belief, the Defendants placed the real property located at 97
Mount Ida Road, Dorchester into receivership for the purpose of selling the property
to a friend of the court; the property is located in the African-American section of the
City of Boston.

## Additional Properties

31. In violation of 42 U.S.C. § 3617, Judge Winik and Judge Muirhead appointed
receivers, pursuant to the Statute, to seize and sell the following real property:

  121 Devon Street, Dorchester
  19-21 Norfork Street, Roxbury
  69 Highland Street, Roxbury
  37 Copeland Street, Roxbury
  123 Radcliffe Street, Dorchester

6

37 Regent Street, Roxbury
115 Howland Street, Dorchester
12 Sutton Street, Dorchester
70 Bowdoin Street, Dorchester
22 Gaston Street, Dorchester
383 Blue Hill Avenue, Roxbury

Each of the above mentioned property is located in the African-American section of

the City of Boston.

## COUNTS

### COUNT ONE
(as to defendants City of Boston,Edward Coburn, William Christopher, Martin Walsh,
Jeffrey Winik, Marylou Muirhead, Maria Theophilia and Stuart Schrier)

### Fair Housing Claim
### Violation of 42 U.S.C. § 3617

32. The Plaintiff incorporate by reference each preceding paragraph of the Complaint as

if fully restated herein and further allege as follows:

33. The Defendants are persons or organizations who, under color of statute, ordinance,

regulation, custom, or usage, of the Commonwealth of Massachusetts are subjecting,

or causing to be subjected, Plaintiff to the deprivation of rights, privileges, or

immunities secured by the Constitution and laws of the United States.

34. The Defendants' conduct violates 42 U.S.C. § 3617; the City of Boston first finds a

building located in the African-American section of the City of Boston in violation of

the State Sanitary Code, issues a vacate order by way of condemning the building

pursuant to 410.830. The City of Boston then petitions the Boston Housing Court for

receivership of the subject property, a receiver is subsequently appointed by Judge

Jeffrey Winik, Judge Marylou Muirhead or Judge Maria Theophilis. Upon

appointment, the court appointed receiver requests that he be allowed to sell the

7

subject property; the request is allowed and the subject property is sold to a friend of

the Court. The Defendants justify their actions due to an interpretation of the Statute,

which according to them allows the Defendants to seize and sell real property, this

interpretation has been implemented almost exclusively in the African-American

section of the City of Boston.

## COUNT TWO
### (Equitable and Ancillary Relief  28 U.S.C. § 2202)

(as to defendants City of Boston, Edward Coburn, William Christopher, Martin Walsh, Jeffrey Winik, Marylou Muirhead, Maria Theophilia and Stuart Schrier)

35. The Plaintiff incorporate by reference each preceding paragraph of the Complaint as

if fully restated herein and further allege as follows:

36. A defined and concrete controversy of a justifiable nature exists between the Plaintiff

and Defendants concerning the actions of the Defendant as to the alleged violations of

the Fair Housing Act.

37. Pursuant to the 28 U.S.C. § 2202, this Court should determine the Plaintiff and the

Defendants' rights and legal relations and declare that the challenged actions of the

Defendants violate the Fair Housing Act.

### PRAYER FOR RELIEF

**Wherefore,** the Plaintiffs respectfully pray that this Court will:

1. Declare the actions of the Defendants violate the Fair Housing Act;

2. Issue a preliminary and permanent injunction restraining the Defendants, their agents,

   servants, and employees and all other persons acting on behalf of, through the

   authority of, or in concert with the Defendants from enforcing or in any manner

   giving effect to the challenged actions of the Defendants.

8

3. Award Plaintiff reasonable and necessary attorneys' fees, expert fees, and costs associated with bringing and prosecuting this action.

4. Grant any and all other necessary and proper relief to which the Plaintiff are entitled.

## JURY DEMAND

The Plaintiff James Dickey, respectfully requests a jury trial.

`

for Pro Se Plaintiff,

June 7, 2018

James Dickey
8 NewBridge Road
Sudbury, MA 01776
978.443.2504