UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

| | |
|---|---|
| JAMES DICKEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, et al.,<br><br>Defendants. | CIVIL NO. 18-11190-NWG |

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO DEFENDANT
STUART SCHRIER'S MOTION TO DISMISS

Plaintiff James Dickey now seeks denial of defendant Stuart Schrier's ("Schrier") motion to dismiss pursuant to Fed.R.Civ.P 12 (b)(1), 12(b)(2) and 12(b)(6), as the Complaint (the "Complaint") filed in the instant case states a claim upon which relief can be granted, and as this Court has both subject matter jurisdiction and jurisdiction over Stuart Schrier's actions.

ARGUMENT

A.   **Jurisdiction**

While *Massachusetts G.L. c. 111 sec. 127I* (the "Receivership Statute") states that a receiver shall not be personally liable for actions or inactions **within** the scope of the receivers capacity as receiver, the Plaintiff alleges that the actions of Schrier as outlined in the Complaint occurred **outside** the scope of the actions allowed by a receiver as defined by *M.G.L. c. 111 sec. 127I*. In 1980 the *Perez* Court held that the Boston

1

Housing Court could implement general receiverships, which would allow a receiver to take possession of the subject property to sell the property, (*Perez v. Boston Housing Authority*, 379 Mass 703 at 731, 400 N.E. 2d 1231 (1980)); in response to the *Perez* decision the Massachusetts Legislators amended the Receivership Statute to read "[the receivers] rights, duties and powers shall be specified by the court in accordance with the provisions of this section", *M.G.L. chapter 111 section 127I*; and, as the amended Receivership Statute does not allow a receiver to seize and sell receivership property to his friends, or diminish receivership property, Schrier's actions as discussed in the Complaint occurred **outside** his scope as receiver.

Furthermore, Schrier's motion to dismiss states that this Court does not have jurisdiction over his actions as the Plaintiff failed to obtain consent from the Housing Court to sue Schrier; this argument is in conflict with the Massachusetts Supreme Judicial Court's ruling in *Shapiro v Goldman*, which concluded a receiver can be sued for wrongful acts. *Shapiro v Goldman*, 253 Mass 60, 148 N.E. 217 (1925); and please see *In Re American Bridge Products, Inc.*, 328 B.R. 274 (Bankr. D. Mass. 2005).

**B.     Plaintiff has Standing in this Action.**

The Fair Housing Act, Section 3617 states: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title", *42 U.S. Code § 3617*; to have standing before this Court the Plaintiff need not be a member of a protected class, (as alleged by Schrier), the Plaintiff just has to demonstrate that the Defendants actions violate the rights of a protected class, and that the Defendants actions interfere with the

Plaintiff's ability to "aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [the Fair Housing Act] ..."; the Complaint sufficiently alleges interference, (as defined by the Fair Housing Act), as the Defendants are "seizing and sell real property", and that this activity is occurring "almost exclusively in the African-American section of the City of Boston". **Please see Complaint page 8, paragraph 34**. As the Defendants have now have turn their attention to the real property located at 97 Mount Ida Road, Dorchester, Massachusetts, (the Property), which is located in the African-American section of the City of Boston, **(please see Complaint page 6, paragraph 28 thru 30)**, the Defendants are interfering with the Plaintiff's ability to aid other persons, (such as future tenants at the Property), in the exercise or enjoyment of a right protected by the Fair Housing Act. In addition, as the Plaintiff personally guaranteed the mortgage on the Property, **(please see Exhibit A)**, the Plaintiff has standing in the instant case as the alleged Fair Housing Act violations could cause financial harm to the Plaintiff.

**Wherefore,** for the above states reasons, plaintiff James Dickey respectfully requests that Stuart Schrier's motion to dismiss be denied.

Respectfully submitted,

By Pro Se Plaintiff,

*/s/ James Dickey*
James Dickey
8 NewBridge Road
Sudbury, MA 01776
(978) 443-2504

September 23, 2018

## VERIFICATION

I, James Dickey, do hereby dispose under the pains of penalties of perjury that I have read the foregoing motion and corresponding memorandum of law, and attest and that I believe that, to the best of my knowledge, the motion and corresponding memorandum of law are true and accurate.

September 23, 2018

_____
James Dickey

## CERTIFICATE OF SERVICE

I, James Dickey, do hereby certify that this document was sent via U.S. Mail to all parties or to their attorney of record as of September 23, 2018.

September 23, 2018

_____
James Dickey