**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:18-cv-11190-NMG**

|  |  |
|---|---|
| JAMES DICKEY, | ) |
|      Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON, et al. | ) |
|      Defendants. | ) |
|  | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM BY DEFENDANTS CITY OF BOSTON, ED COBURN, MARTIN WALSH, AND WILLIAM CHRISTOPHER

Now comes Defendants the City of Boston, Edward Coburn, Mayor Martin Walsh, and William Christopher, collectively the "City Defendants" and hereby respectfully requests this court to dismiss Plaintiff James Dickey's ("Plaintiff" or "Dickey") case for failure to state a claim upon which relief may be granted. As grounds the City Defendants state that Plaintiff has no standing to assert allegations of racially discriminatory housing practices and further, Plaintiff is barred from representing the LLC which owns the property at issue, because Plaintiff is acting pro se. Finally, Plaintiff has failed to alert the court that he has already been warned of his propensity to file frivolous and vexatious lawsuits. Pursuant to a recent order by the Honorable Judge Stearns, Plaintiff should now be subject to an injunctive order barring his filing of complaints without prior permission.

## I.    FACTS

Plaintiff seeks to bring claims under the Fair Housing Act, alleging that all named Defendants participated in a scheme to place properties from African American neighborhoods into receiverships for the purpose of selling said property to "friends of the court." *See Plaintiff's Complaint, ECF Doc. 1*, ¶1; ¶15. Plaintiff, James Dickey, is the sole manager of East Fourth ST, LLC, which in turn is the owner of record of the real property at 97 Mount Ida Rd, Dorchester MA ("Mount Ida Property"). *Plaintiff's Complaint*, ¶2. On December 27, 2017, Edward Coburn ("Coburn") on behalf of the City of Boston filed a petition for receivership for the Mount Ida Property. *Id. at ¶28.* On May 25, 2018, the Boston Housing Court appointed Stuart Schrier ("Schrier") as receiver of said property. I*d. at ¶29.* Plaintiff alleges that because the Mount Ida Property is in Dorchester, it is located in a categorically "African American section of the city." *Id. at ¶30.* Plaintiff does not allege that the Mount Ida property has been sold (as it has not).

Although Plaintiff, nor East Forth ST, LLC, owns any other properties, Plaintiff includes allegations that the City of Boston and the Boston Housing Court have placed up to fifteen properties into receiverships so that they could be sold to "friends of the court."[1] Plaintiff fails to allege any specific facts regarding these properties, including who their owners are,  and only claims they are in African American sections of Boston, and have been placed into receiverships via the City and Housing Court for the alleged purpose of selling the properties to friends of the court.

---

[1] These properties include: 34 Holborn ST, Roxbury, MA; 80 Greenwood ST, Dorchester, MA; 271-273 Hancock ST, Dorchester, MA; 100 Mount Pleasant Ave, Roxbury, MA; 121 Devon ST, Dorchester, MA; 19-21 Norfolk ST, Roxbury, MA; 69 Highland ST, Roxbury, MA; 37 Copeland ST, Roxbury, MA; 123 Radcliffe ST, Dorchester, MA; 37 Regent ST, Roxbury, MA; 115 Howland ST, Dorchester, MA; 12 Sutton ST, Dorchester, MA; 70 Bowdoin ST, Dorchester, MA; 383 Blue Hill Ave, Roxbury, MA. *See Plaintiff's Complaint.*

## II.     PROCEDURAL HISTORY[2]

Plaintiff's instant suit comes in a long line of frivolous filings in regards to the Mount Ida Property, a condemned property which Plaintiff has continuously tried prevent the City's Inspectional Services Department ("ISD") from enforcing state sanitary codes on. Plaintiff's most recent federal filings (other than the instant suit) include his removal of ISD's petition for receivership to federal court, docketed as 1:18-cv-10143-RGS. The City Defendants turn to the record of said docket to aid in the factual history for the instant suit and respectfully alert the Court to the Plaintiff's previous vexatious filings regarding the Mount Ida Property.

The Mount Ida Property first fell into severe disrepair after it was damaged by fire in August, 2011. *See. 1:18-cv-10143-RGS, ECF no. 1-2, ¶6; attached here as Exhibit 1.* In 2013, due to the unsafe and dangerous structural integrity of the Property, ISD issued a violation and order to secure a permit to raze, remove, or replace the property. *Id. at ¶ 7.* In 2014, upon Dickey's failure to comply with the previous citation, ISD issued another violation and order requiring Dickey to maintain the Mount Ida property pursuant to the State Sanitary Code due to garbage, litter, and rubbish laid throughout the interior and exterior of the property. *Id. at ¶ 8.* In September 2015, ISD issued a raze order for the Mount Ida Property, to which Dickey responded with several state and federal complaints challenging ISD's enforcement of the State Sanitary Code. *Id. at ¶¶11-12.*

---

[2] The City Defendants do not rely on the facts stated in the procedural history for purposes of the instant motion to dismiss, as there are grounds to dismiss without them. However because they are matters of public record from Plaintiff's previous filings, and because his Complaint incorporates and relies on the legal history of the Mount Ida Property receivership, the Court can consider these facts without transforming the instant motion into one for summary judgement.

Dickey first challenged the raze order in Massachusetts Superior Court in October, 2015, and, upon ISD's Motion to Dismiss, the Superior Court dismissed Dickey's challenge. *Id.* at ¶¶13-14. Dickey continued to disregard ISD's raze order. *Id.* at ¶16. Dickey's continued non-compliance forced ISD, on April 28, 2017, to seek a restraining order against him and an order authorizing ISD, itself, to enter the Mount Ida property to abate the existing nuisance, to wit, the sanitization and abatement of the property against vermin, the removal of trash and debris, and to secure the property from the elements. *Id.* Dickey removed the restraining order proceedings to the United States District Court for the District of Massachusetts and, simultaneously, filed a new civil action challenging the entry of the state court restraining order. *See City of Boston Inspectional Servs. Dep't v. East Fourth St., LLC & another*, No. 1:17-cv-10791-WGY; *Dickey v. Inspectional Servs. Dep't of the City of Boston*, No. 1:17-cv-10754-WGY. ISD filed, argued, and was granted its motion to dismiss the new complaint and its motion to remand back to the Boston Housing Court for the restraining order proceedings.

Optimistic that resolution at been reached on Dickey's several state and federal court actions, ISD filed a receivership action in Boston Housing Court pursuant to Mass. Gen. Laws ch. 111, § 127I (the "Receivership Statute"). The Receivership Statute provides that a court shall appoint a receiver of a property upon a petitioner's showing that "violations of the [Massachusetts] sanitary code will not be promptly remedied unless a receiver is appointed." Mass. Gen. Laws ch. 111, § 127I.

Upon ISD's receivership petition, Dickey maneuvered again to delay ISD's enforcement of the State Sanitary Code by removing the state court action (thus generating 1:18-cv-10143-RGS). Dickey's attempted removal, pursuant to 28 U.S.C. § 1443, alleged that the Boston Housing Court was interpreting the Receivership Statute to "allow that Court to seize and sell

property owned by African-Americans to friends of the Court, for pennies on the dollar." *See 1:18-cv-10143-RGS ECF No. 1, ¶2, attached as Exhibit 2*. In support of the USDC's jurisdiction, Dickey argued that he "ha[d] an equal civil right to [his] property, which is not extinguished because the property is located in the African-American section of the City of Boston." *Id.* at ¶3.

ISD then filed a motion to remand the case back to state court citing as grounds: (1) Dickey did not assert a federal law providing for specific equal and civil rights; 2) Dickey did not allege that the Boston Housing Court could not enforce specific civil rights; and 3) Dickey violated a previous ruling by the Honorable Judge Sorokin that in any future filings, Plaintiff alert the court he had already been warned regarding the filing of vexatious law suits. *See 1:18-cv-10143-RGS; ECF Doc 9.* Magistrate Judge Boal issued a report and recommendation that default enter against Dickey, as he could not appear pro se on behalf of East Fourth ST, LLC (the owner of Mount Ida property). *Id., ECF doc. 17, attached as Exhibit 3*. Prior to the due date for objections to said report and recommendations, the case was reassigned to Judge Stearns. *Id., ECF Entry 18, attached as Exhibit 4.* Judge Stearns then issued an order remanding the case to state court. *Exhibit 4, entry 19.* Significantly, Judge Stearns found that Dickey could not remove the underlying action to the lower court pursuant to Section 1443 because the Notice of Removal was without factual or legal foundation and Dickey failed "to assert any underlying facts or specific law 'stated in terms of racial equality' that would permit the removal." *Id.* Judge Stearns added that since Dickey continued to disregard previous court orders regarding vexatious lawsuits and his inability to represent and LLC, Dickey would require prior permission by the Court to make any future filings. *Id.*

Dickey appealed this order to the First Circuit, USCA Case Number 18-1298. *Exhibit 4, Entry 24*. In support of the appeal, Dickey in identical fashion to his instant lawsuit, relied on

unrelated receivership actions filed by ISD, to which he has no interest, alleging that the Boston Housing Court is using the Receivership Statute "to seize and sell the property of African-Americans to their friends." *See Dickey's appellate brief, attached as Exhibit 5.* ISD filed a motion for summary disposition in the First Circuit, citing identical grounds to its prior motion to remand, as well as the orders of Judges Boal and Stearns. The First Circuit's decision is pending. *See First Circuit docket sheet, attached as Exhibit 6.*

### III.    STANDARD OF REVIEW

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet does not apply to legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted).

A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).  A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Twombly,* 550 U

.S. at 557 (quotations omitted).  Within this analytical framework, the Plaintiff has failed to plead

facts sufficient to allege federal or state law claims against the City Defendants.

### IV.    ARGUMENT

   a.   <u>Plaintiff has no standing to bring a claim alleging racial discrimination via the selling of African American owned properties because he is white and his property has not been sold.</u>

Plaintiff here alleges that the City Defendants as well as the Housing Court justices have

colluded in violation of the Fair Housing Act by intentionally seizing property owned in the

African American section of the City of Boston and selling said property to "friends of the

court." In support of this assertion Plaintiff lists up to 15 properties in Roxbury and Dorchester

which have either been placed into a receivership and sold, or await sale. Plaintiff does not

identify any of the original owners of these properties, but rather presumes they are African

American. Plaintiff however is not African American, nor has his property been sold by the

receiver, Stuart Schrier. As such, Plaintiff has no standing to bring a claim against City

Defendants alleging racial discrimination via any means.

"The constitutional core of standing requires that a plaintiff make a tripartite showing:

[h]e must demonstrate that [h]e has suffered an injury in fact, that h[is] injury is fairly traceable

to the disputed conduct, and that the relief sought promises to redress the injury sustained."

*Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005) citing *Lujan v. Defenders of

Wildlife,* 504 U.S. 555, 560–61, (1992); *New Hampshire Right to Life Political Action Committee

v. Gardner,* 99 F.3d at 13, (1996). Plaintiff here fails to demonstrate any of these three necessary

prongs. First, Plaintiff has not suffered an injury in fact because his property, although placed

into a receivership, has not yet been sold to a "friend of the court," the ultimate harm he alleges

is being caused by the City Defendants. Second, even if Plaintiff had suffered an injury, it would

not be traceable to racial discrimination against African Americans by the City Defendants, as Plaintiff is not African America. Third, Plaintiff's sought relief, the declaration of the Court that Defendants have violated the Fair Housing Act, would not redress his injury, because even if the Court found that defendants were discriminatorily selling African American owned properties, the ruling would in no way effect Plaintiff, a white male whose property has not been sold, but simply placed into a receivership because Plaintiff refuses to meet state sanitary code guidelines.

      b.  <u>Plaintiff's Complaint should be dismissed because he fails to state any cognizable claim upon which relief can be granted.</u>

Plaintiff's complaint can be distilled to his personal belief that the Boston Housing Court administers the Massachusetts Receivership Statute "to seize and sell the property of African-Americans to their friends." In support of this argument, Plaintiff simply lists 15 properties in Dorchester in Roxbury, which he has unilaterally determined (and without any corroboration) are solely inhabited by African American, and states they were placed into receiverships and sold. Plaintiff does not allege who owned these properties prior to being placed into receiverships, the procedural history of why they were placed into receiverships, or who the properties were actually ever sold to. Plaintiff has no interests or relations to these other 15 receivership actions filed by ISD against other properties and property owners. Plaintiff's allegations are wholly unsupported by any legal or factual authority to support his position, and should ultimately be dismissed by this Court.

      c.  <u>Plaintiff's Complaint should be dismissed because he cannot represent East Fourth Street, LLC pro se</u>

Plaintiff has filed the instant Complaint in his capacity as the sole manager and member of East Fourth Street, LLC, which owns the Mount Ida Property. However Plaintiff is not

authorized to appear pro se on behalf of the LLC and its interests in this Court.  It is well-established that business entities, including corporations and limited liability companies, cannot litigate pro se.  *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 n.2 (1st Cir. 2012).  The Mount Ida Property is owned by the LLC.  Plaintiff, who is not an attorney, cannot litigate before this Court pro se on behalf of the LLC in his role as its sole manager and member. Both Judges Boal and Stearns reiterated this in their prior orders. *Exhibits 3 and 4.*

> d.  <u>Plaintiff's Complaint should be dismissed and an injunction should be entered against him because he failed to alert the Court to his prior warnings regarding vexatious filings or get permission to file the instant suit.</u>

This is not the first time Plaintiff has tied up the Federal district court with meritless actions.   In fact, Plaintiff's litigious history was noted in Judge Leo Sorokin's decision dismissing a 2016 case filed by the Plaintiff related to another property he owns in South Boston. *Dickey v. City of Boston*, No. 16-cv-10636-LTS, 2016 WL 7365167, at *3 n.6 (D. Mass. Dec. 19, 2016).  In his December 19, 2016, Order on Motions to Dismiss, Judge Sorokin warned Dickey, specifically, against "filing frivolous or vexatious suits in the future." *Id.,* at *6.  Judge Sorokin ordered Dickey that in any future complaint filed in the District of Massachusetts, he shall state the following:  "Previously, one session of this Court warned Plaintiff against filing frivolous or vexatious suits." *Id*.  The Plaintiff failed to do so in his 2017 complaints against ISD before Judge Young[3], or in his 2018 case (1:18-cv-10143-RGS) presided over by Judges Boal and Stearns. Judge Stearns ordered him then, "Accordingly, this court warns Dickey that any further frivolous filings in the United States District Court for the District of Massachusetts -- whether

---

[3] *See City of Boston Inspectional Servs. Dep't v. East Fourth St., LLC & another,* No. 1:17-cv-10791-WGY, and *Dickey v. Inspectional Servs. Dep't of the City of Boston,* No. 1:17-cv-10754-WGY.

removals or Complaints -- will result in an injunction barring him from filing without prior permission of the court."

The instant complaint is another string in a long line of frivolous and vexatious lawsuits brought by the Plaintiff in the District of Massachusetts, and once again Plaintiff has failed to comply with the existing USDC orders. As such, in addition to his Complaint being dismissed, an injunction should issue barring any future filings.

## V.      CONCLUSION

In conclusion, Plaintiff's Complaint should be dismissed against the City Defendants in its entirety as he has no standing to bring the instant suit, he fails to articulate a cognizable claim upon which any relief could be granted, and he is barred from representing his LLC pro se. Further, an injunction should enter against Plaintiff prohibiting future filings in this Court without prior judicial permission to do so.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

CITY OF BOSTON, COBURN, WALSH, AND CHRISTOPHER

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and mailed to those indicated as non-registered participants, including Pro Se Plaintiff at 8 New Bridge Road, Subdbury, MA 01776.

Eugene O'Flaherty,
Corporation Counsel

By their attorneys,

/s/ Katherine Galle_____
Katherine Galle BBO # 691660
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4097
Katherine.Galle@boston.gov

9/28/18  /s/ Katherine Galle
Date      Katherine Galle

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that I attempted to confer with Plaintiff, James Dickey via telephone to resolve or narrow the issues raised by the instant motion, but was unable to do so.

September 28, 2018____          _/s/ Katherine Galle_____
Date                              Katherine Galle