**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAMES DICKEY, | ) | |
| Plaintiff | ) | |
| **v.** | ) | |
| | ) | |
| CITY OF BOSTON, through the | ) | |
| INSPECTIONAL SERVICES | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| EDWARD COBURN, in his official | ) | |
| capacity as lawyer for the City of Boston, | ) | |
| | ) | |
| MARIA THEOPHILIS, in her official | ) | |
| capacity as judge for the Housing Court, | ) | |
| | ) | |
| MARYLOU MUIRHEAD, in her official | ) | **C.A. No. 1:18-CV-11190-NMG** |
| capacity as judge for the Housing Court, | ) | |
| | ) | |
| JEFFREY WINIK, in his official capacity | ) | |
| As judge for the Housing Court, | ) | |
| | ) | |
| MARTIN WALSH, in his official capacity | ) | |
| As Mayor of the City of Boston, | ) | |
| | ) | |
| WILLIAM CHRISTOPHER, in his official | ) | |
| capacity as Commissioner of the | ) | |
| Inspectional Services Department of the | ) | |
| City of Boston, | ) | |
| | ) | |
| STUART SCHRIER, in his official capacity | ) | |
| As Receiver, | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS BY DEFENDANTS**
**MARIA THEOPHILIS, JEFFREY WINIK, AND MARYLOU MUIRHEAD**

Defendants Maria Theophilis, MaryLou Muirhead, and Jeffrey Winik (the "Judicial Defendants") hereby submit this memorandum of law in support of their motion to dismiss pro se plaintiff, James Dickey's Complaint.   Dickey brings this action in an attempt to stop a receivership action pending in the Massachusetts Housing Court concerning a property to which he alleges an interest.  Plaintiff's case must be dismissed because (1) he lacks standing to bring this lawsuit; (2) judicial and sovereign immunity bar this suit; and (3) his allegations do not state a claim for relief in any event.

## BACKGROUND

This case arises out of a receivership action brought by the City of Boston concerning a three-family residence located at 97 Mt. Ida Road, Boston, Massachusetts (the "Mt. Ida Property").  On or about December 27, 2017, the City of Boston filed a petition for receivership over the Mt. Ida Property, which is owned by East Fourth Street, LLC ("East Fourth Street" or the "LLC").  *Id.* ¶¶ 2, 28.[1]  On or about May 25, 2018, "the Massachusetts Housing Court," as Dickey refers to the Housing Court Department of the Massachusetts Trial Court, pursuant to Mass. Gen. Laws c. 111, § 127I, appointed defendant Stuart Schriver as the Receiver for the Mt. Ida Property.  *Id.*  This lawsuit was then filed in June alleging violations of the Fair Housing Act, 42 U.S.C. § 3617 and seeking to restrain enforcement of the Receivership.

In his Complaint, Dickey alleges a broad scheme on the part of the City of Boston, the Judicial Defendants, and the Receiver to place properties located in the "African-American section of the City of Boston" into receivership with the goal of selling them.  *Id.* at 32-35.  He alleges that the Judicial Defendants, along with the City of Boston defendants, interpret Mass. Gen. Laws c. 111 § 127I in such a way as to permit

---

[1]  Dickey alleges he is the sole manager and member of East Fourth Street.  Complaint ¶ 2.

the "Housing Court to seize and sell property owned in the African-American section of the City of Boston to friends of the Court for pennies on the dollar," and that by doing so they are violating the Fair Housing Act 42 U.S.C. § 3617 (the "Fair Housing Act" or the "FHA"). Complaint ¶¶ 1, 32-34. Dickey claims the Judicial Defendants, along with the other defendants, are "subjecting, or causing to be subjected, Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Id.* ¶ 33.

To buttress his claim of a widespread scheme, he describes numerous properties in his Complaint that he believes have been placed into receivership and then sold. *Id.* ¶¶ 11-31. Dickey does not allege that any owners of any of the properties he describes in the Complaint, or the residents thereof, are members of any protected class for purposes of the Fair Housing Act, nor does he allege that any of the actions described in the Complaint are actually motivated by discriminatory animus or intent. He does not explain where or what constitutes the "African-American section" of the City of Boston, does not allege any pecuniary or other interest in any of the properties described in his Complaint (save the Mount Ida Property), and despite alleging that the properties are to be sold for "pennies on the dollar," at no point do his allegations include any sales prices for any properties described in his Complaint. As for the Mount Ida Property, while he alleges he "controls" it along with East Fourth Street LLC, he nevertheless states that the LLC is the actual owner of the property, and he does not allege that the Mt. Ida Property is in the process of being readied for sale or in the process of being sold.

With respect to the Judicial Defendants in particular, Dickey alleges each of them are judges of the Massachusetts Housing Court, and names each of them in their "official

capacity" in the caption of the action, though he is not so specific in the text of his

Complaint. *Id.* ¶¶ 7-9.  Dickey does not specify which of the judges have presided over

proceedings concerning the Mt. Ida Property.  He nevertheless seeks a declaration that

the Judicial Defendants are in violation of the Fair Housing Act, 42 U.S.C. § 3617 (Count

I) and seeks general equitable relief that, although unclear, seems premised on precluding

this Judicial Defendants from implementing Mass. Gen. Laws c. 127, § 111I (Count II).

## ARGUMENT

### I.   The Standard to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

To state a claim for relief under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege a

set of facts "plausibly suggesting (not merely consistent with) an entitlement to relief."

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007).  Complaints that do not meet

this threshold requirement are subject to dismissal for failing to state a claim upon which

relief can be granted.  Where, as here, a defendant moves to dismiss a plaintiff's claim on

standing grounds, that portion of the motion is considered to be brought pursuant to Fed.

R. Civ. P. 12(b)(1), but the standard for evaluating the pleadings is the same as that used

in the Rule 12(b)(6) context.  *Chmielinski v. Massachusetts*, 513 F.3d 309, 314-15 (1st

Cir. 2008).

### II.   Dickey Lacks Standing to Proceed on his Own Behalf, and he Cannot Proceed on behalf of East Fourth Street, LLC

Article III of the Constitution requires a plaintiff to meet three perquisites to

establish standing to sue:  injury in fact to a cognizable interest; a causal connection to

the challenged conduct; and redressability.  *Pagan v. Calderon*,448 F.3d 16, 27 (1st Cir.

2006).  In establishing injury-in-fact, "prudential concerns ordinarily require a plaintiff to

show that his claim is premised on his own legal rights (as opposed to those of a third

party) . . . and that it falls within the zone of interests protected by the law invoked." .

This Dickey cannot do.  Though he mentions several property addresses in his

Complaint, the only one he alleges a connection to is the Mt. Ida Property.  Complaint ¶

2.  In so doing, Dickey plainly alleges that East Fourth Street (not Dickey) is the "owner

of record of the real property at 97 Mount Ida Road."  Complaint ¶¶2, 28-30.  Thus, to

the extent Dickey seeks to assert a violation of rights concerning the placing of 97 Mount

Ida Road into receivership, those rights belong to East Fourth Street (the property's actual

owner), and not Dickey.  To the extent any claim can be brought, it must be brought by

East Fourth Street.[2]

Dickey's role as a manager or member of the LLC does not change this result.  A

"corporation and its shareholders are distinct juridical persons and are treated as such in

contemplation of law." *Pagan* at 28.  Given that rule, "a mere shareholder, officer,

director, or member does not have standing to assert a claim on behalf of a business

entity." *Laverty* v. *Massad,* 661 F. Supp. 2d 55, 61-62 (D. Mass. 2009). The First Circuit

has made clear that this principle of law applies "even when there is only one shareholder

of the wronged corporation."  *Pagan* at 28 (citing *Diva's Inc.* v. *City of Bangor,* 411 F.3d

30, 42 (1st Cir. 2005)). The rule applies to limited liability companies as well as

corporations. *Kerr* v. *Vince,* Civ. No. 07-30021-MBB, 2010 WL 1416511, *10-*11 (D.

Mass. Apr. 1, 2010) ("a member of an LLC cannot bring an action in his own name to

enforce the rights or redress the injuries of the LLC") citing *Laverty, supra,* and *First*

*Taunton Fin. Corp, v. Arlington Land Acquisition-99 LLC*, 20 Mass. L. Rep. 556 (Feb.

27, 2006) (van Gestel, J.).

---

[2]     In so stating, the Judicial Defendants are not suggesting that East Fourth Street could articulate a
cognizable claim on its own behalf.

The entirety of Dickey's Complaint, as it relates to the Mount Ida Property, concerns an alleged violation of the Fair Housing Act that could potentially result in the sale of a three-family home owned by the LLC, as the owner of record of the properties. Complaint ¶¶ 2, 28-30. It is the LLC, therefore, that actually stands to lose a property right or interest should some or all of the alleged injuries-in-fact not be redressed by the Court. Any impact to Dickey as a member and manager of the LLC (even if he is indeed the only one), is indirect, and, as such, Dickey lacks standing to sue on his own behalf.

As they are separate juridical persons, Dickey is similarly precluded from asserting standing because of an alleged identity of interests between himself and East Fourth Street.  Although Dickey alleges that "together," he and East Fourth Street "own and control" the Mt. Ida Property, this allegation itself is not enough to clear the standing hurdle.  "The First Circuit has adopted a rule that a corporation may not pierce its own veil or apply the alter ego doctrine for its own benefit." *Payphone LLC v. Brooks Fiber Commc'ns.,* 126 F. Supp. 2d 175, 179 (D.R.I. 2001) This rule provides that "[c]ommon ownership and common management, without more, are insufficient to override corporate separateness" for purposes of allowing a shareholder to pursue an individual claim concerning injuries to the corporation itself. *InterGen N. V. v. Grina,* 344 F.3d 134, 149 (1st Cir. 2003).  Dickey can hardly expect to enjoy the benefits of establishing the LLC but ignore corporate separateness when it suits him.

Given that the entire focus of Dickey's allegations concern either properties (such as 34 Holborn Street and 80 Greenwood Street) over which he alleges no ownership interest whatsoever (and for which he clearly has no standing to sue), or the Mt. Ida

Property, which is not in fact owned by him but rather by the LLC he created,[3] Dickey

can point to no direct, constitutional injury-in-fact,[4] and he has no standing to move

forward with this lawsuit.[5]

### III.   The Judicial Defendants Are Absolutely Immune from Suit

#### A. The Judicial Defendants Are Entitled to Judicial Immunity

Even if Dickey did have standing to remain in federal court, his claims against

the Judicial Defendants should still be dismissed in their entirety, as the Judicial

Defendants are absolutely immune from suit.  It is axiomatic that the doctrine of

judicial immunity "protects judges from suit for any normal and routine judicial

act," and, absent allegations of actions taken "in the clear absence of all

jurisdiction," the doctrine provides judges "an immunity from suit, not just from the

ultimate assessment of damages." *McLarnon v. United States,* Civ. No. 09- 10049-

RGS, 2009 WL 1395462, *3-*4 (D. Mass. May 19, 2009) (quoting *Mireles v.*

*Waco,* 502 U.S. 9, 11 (1991) (per curiam).  The doctrine of judicial immunity "protects

---

[3]     Though he has not attempted to include the LLC as a party, the Judicial Defendants note that any attempt to add the LLC as a party may be attempted by an attorney admitted to practice before the District of Massachusetts.  Dickey does not allege that he is an attorney, and the law of this District is clear that non-admitted shareholders or LLC members or managers cannot represent close corporations or limited liability companies. *See Duquette* v. *Stern,* Civ. No. 11-30005-MAP, 2011 WL 468783, *l-*2 (D. Mass. Feb. 3, 2011) (prohibiting pro se individual from representing his limited liability company in court, and noting that "[although 28 U.S.C. § 1654 permits persons to proceed *pro se,* this provision does not allow unlicensed lay people to represent a private company or corporate entity.  Additionally, this Court's Local Rules do not provide such authorization."); *see also* Local Rule 83.5.5(b)-(c).

[4]     For the reasons articulated in the City of Boston's Memorandum of Law, Dickey has likewise failed to satisfy either the causation or redressability prongs of Article III standing as well. *See* Memorandum of Law of City of Boston Defendants, Dkt. No. 23 at pages 7-8.

[5]     Dickey has also failed to articulate an actual injury to either himself or the LLC in any event.  While Dickey alleges that the "real property at 97 Mount Ida Road" has been placed into receivership "for the purpose of selling the property to a friend of the court," he has not alleged that such a sale process is in place or even close to commencing, nor does he articulate how else the receivership process has actually harmed him or the LLC.

the proper administration of justice so that a judicial officer in exercising the authority vested in him, is free to act upon his own convictions, without apprehension of personal consequences to himself." *Stone v. Baum,* 409 F. Supp. 2d 1164, 1175 (D. Az. 2005). "Except where judges act completely without jurisdiction, they . . . are protected from liability." *Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir. 1980). All of the allegedly wrongful acts taken by the Judicial Defendants, and about which Dickey complains, are acts taken within the context of discharging adjudicatory, judicial functions—indeed, Dickey describes each of the Judicial Defendants as being named in their "official capacities" in the caption of the Complaint—and as such their acts cannot form the basis for a suit.

For example, Dickey alleges that Judge Muirhead appointed a receiver for 34 Holborn Street, Roxbury, Massachusetts, pursuant to Mass. Gen. Law c 111, § 127I, and that Judge Theophilis conducted a status hearing regarding the same property. Complaint ¶¶ 11, 13. Appointing receivers pursuant to state statutes, however, and conducting status conferences, is paradigmatic judicial action. *See, e.g. Wilson v. Bush,* 196 Fed. Appx. 796, 799 (11th Cir. 2006) ("Entering . . . [an] order is a quintessential judicial function and immunity attaches to it."). As this District has noted, where the "acts about which plaintiffs complain were undertaken as part of the discharge of a judge's duty to resolve a dispute within his jurisdiction . . . [the judge] is immune from suit." *Hibbard v. Benjamin,* Civ. No. 90- 103610WF, 1992 WL 300838, *4 (D. Mass. Sept. 21, 1992). "Even where, as here, a plaintiff alleges that a judge conspired with one party to rule unfavorably against him, or that a decision was legally incorrect, such allegations do not pierce the immunity shield." *McClaron* at *4. Dickey is therefore completely barred from bringing any claims against the

Judicial Defendants, whether sought under the Fair Housing Act or this Court's equity jurisdiction.

### B. To the Extent Plaintiff's Claims are "Official Capacity" Claims, the Eleventh Amendment Bars his Suit

To the extent Plaintiff seeks to bring his Fair Housing Claim against the Judicial Defendants in their official capacity, he is, in essence, attempting to sue the Commonwealth of Massachusetts. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted). The Eleventh Amendment bars any such claim. "The Eleventh Amendment bars suits brought by private citizens against a state in federal court without the state's consent. It is axiomatic that, as sovereigns, states and 'arms of the state' possess immunity from suits brought under federal law." *McCardell v. U.S. Dept. of Housing and Urban Development*, 794 F. Supp. 3d 510, 521-22 (5th Cir. 2015). Absent affirmative abrogation of sovereign immunity by Congress, or a clear waiver of sovereign immunity by the state, a plaintiff such as Dickey is prohibited from bringing his Fair Housing Claim against the Judicial Defendants in federal court.

The Judicial Defendants and the Commonwealth do not waive their sovereign immunity here, and there is no indication in the text of the Fair Housing Act that Congress intended to abrogate the states' immunity with respect to private litigant suits. *McCardell* at 522 (holding that "Congress did not make clear an intent to abrogate States' Eleventh Amendment sovereign immunity from suits brought under the Fair Housing Act" and citing cases); *see also Forziano v. Independent Group Home Living Program, Inc.,* 2014 WL 1277912, *6 (E.D.N.Y. Mar. 26, 2014); *Gregory v. South*

*Carolina Dept. of Transp.*, 289 F. Supp. 2d 721, 723-25 (D.S.C. 2003), *aff'd* 114 Fed.

App'x. 87 (4th Cir. 2014); *Reyes-Garay v. Integrand Assur. Co.*, 818 F. Supp. 2d 414,

428-29 (D.P.R. 2011). As such, Dickey's claims against the Judicial Defendants in their

official capacity must likewise be dismissed.[6]

**IV.     Plaintiff Fails to State a Claim for Relief Under the FHA**

In Count I, Dickey alleges violations of the FHA, and in Count II, Dickey seeks a

declaration that the Judicial Defendants are liable under Count I, as well as unspecified

equitable relief.  Both of these claims are subject to dismissal for the additional reason

that Dickey does not articulate any grounds for relief under 42 U.S.C. § 3617, or any

other portion of the Fair Housing Act, 42 U.S. C. § 3601 *et seq*.  Dickey characterizes his

claim as one brought under the "Fair Housing Act," and states that the "Defendants [sic]

conduct violates 42 U.S.C. § 3617" by "first find[ing] a building located in the African-

American section of the City of Boston in violation of the State Sanitary Code . . .

petition[ing] the Boston Housing Court for receivership of the subject property . . . [and

then] the court appointed receiver requests that he be allowed to sell the subject

property."  Complaint ¶ 34.  Dickey alleges that this "has been implemented almost

exclusively in the African-American section of the City of Boston," but does not allege

either that he is African-American (or a member of any protected class) or that there is

any suggestion that he has been treated differently on account of his race, sex, religion, or

any other protected category articulated by the Fair Housing Act, 42 U.S.C. §§ 3604,

3605.

---

[6]     Dickey's Complaint is further subject to dismissal as an improper attempt to circumvent the
Massachusetts state court process.  "Independent lawsuits against presiding judges are not the
appropriate vehicle for disgruntled litigants to obtain reversal of adverse judgments." *Emerson v.
United States,* Civ. No. 12-884, 2012 WL 1802514, *3 (E.D. La. Apr. 30, 2012) (collecting cases).

Plaintiff's scant allegations do not state a claim.  To state a claim under the Fair

Housing Act, a Plaintiff must allege facts sufficient to show "discriminatory intent or

disparate impact." *Pina v. Town of Plympton*, 529 F. Supp. 2d 151, 155.  With respect to

discriminatory intent, when plaintiffs allege no direct evidence of discrimination (as is

the case here), courts apply the framework established in *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792 (1973).  *Id.* at 156.  Thus, to survive a motion to dismiss, Dicky

must allege (1) membership in a protected class; (2) that the Mt. Ida Property was placed

into receivership; (3) that the Mt. Ida Property should not have been placed into

receivership; and (4) the Judicial Defendants did not place similarly situated properties

into receivership during a period of time relatively near to when the Mt. Ida Property was

placed into receivership.  *See, e.g. Pina* at 156.  Dickey does not meet these requirements.

As mentioned above, Dickey does not allege that he is a member of any protected

class or that he was discriminated against on the basis of "race, color, religion, sex,

handicap, familial status, or national origin," as required by 42 U.S.C. §§ 3604, 3605.

This failure alone dooms his claim under the Fair Housing Act.  But even if he could

make such an allegation, Dickey's complaint lacks any allegations that the Mt. Ida

Property was improperly placed into receivership, that it is currently being considered for

sale or has been sold, or that other, similarly-situated property owners[7] are being treated

any differently from him on account of their status either within or outside of a protected

category.  Simply put, Dickey has articulated no set of facts that could even begin to

---

[7]     The Judicial Defendants refer to Dickey as a property owner in this section purely for ease of
        reference and in accordance with Dickey's allegations.  As discussed in Argument Section II,
        *supra*, the Judicial Defendants do not believe Dickey is in fact the owner of the Mt. Ida Property,
        rather the LLC is.

support a *prima facie* case of discrimination under the Fair Housing Act, and the claim

must be dismissed.

To the extent Dickey is advancing a disparate impact theory, his Fair Housing Act

claim must still be dismissed.  "To establish a prima facie case for disparate impact

housing discrimination under the [Fair Housing Act], and therefore survive a motion to

dismiss, the plaintiffs bear the burden of alleging facts showing that the 'challenged

practice caused or predictably will cause a discriminatory effect.'"  *Burbank Apartments*

*Tenant Ass'n v. Kargman*, 474 Mass. 107, 127 (2016) (citing *Texas Dep't of Housing v.*

*The Inclusive Communities Project*, 135 S. Ct. 2507, 2514 (2015).  To the extent Dickey

is attempting to allege that the practice of executing Mass. Gen. Laws c. 111, § 127I

caused or predictably will cause a discriminatory effect, his Complaint is devoid of any

such allegations.

Dickey does not allege, for example, that the owners of the Mt. Ida Property or

any of the other properties described in his Complaint are of a protected class, or that,

even to the extent such properties are sold through the receivership process, their

purchasers are of a non-protected class.  He makes no allegations concerning the abilities

of individuals to continue to reside in the properties, or any other way in which the

actions he complains about actually have any sort of discriminatory effect, other than to

make a vague insinuation that because the properties he has described in his Complaint

are in the "African-American section" of Boston (a term he never defines or explains

with any greater specificity or clarity), there must be something discriminatory in

process.   Such insinuations and bald conclusions do not state a plausible claim for relief,

even at the pleading stage.

## CONCLUSION

For the reasons stated above, the Judicial Defendants respectfully request that this

Court Dismiss Count I (Plaintiff's Fair Housing Act claim) and Count II (which seeks a

declaration and equitable relief pursuant to alleged violations articulated in Count I) with

prejudice.

> MARIA THEOPHILIS, JEFFREY WINIK, and
> MARYLOU MUIRHEAD
> By their Attorneys
>
> MAURA HEALEY
> ATTORNEY GENERAL
>
>
> /s/ Dennis N. D'Angelo
> Dennis N. D'Angelo (BBO# 666864)
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, Room 1813
> Boston, MA  02108
> (617) 727-2200, Ext. 2881
> dennis.dangelo@massmail.state.ma.us

Date: September 28, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have this day, September 28, 2018, served

the foregoing **document**, upon all parties, by electronically filing to all ECF registered

parties and by sending a copy, first class mail, postage prepaid to all unregistered parties.

> /s/ Dennis N. D'Angelo