**United States District Court**
**District of Massachusetts**

```
_____
                                )
James Dickey,                   )
                                )
          Plaintiff,            )
                                )
          v.                    )          Civil Action No.
                                )          18-11190-NMG
City of Boston, et al.,         )
                                )
          Defendants.           )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

James Dickey ("plaintiff" or "Dickey") brings claims under the Fair Housing Act ("FHA") against the City of Boston, Edward Coburn in his capacity as a lawyer for the City of Boston, Martin Walsh in his capacity as Mayor of the City of Boston and William Christopher in his capacity as Commissioner of the Inspectional Services Department of the City of Boston (collectively, "the City Defendants"), Maria Theophilis, MaryLou Muirhead and Jefrey Winik, each in their official capacities as judges for the Housing Court Department of the Massachusetts Trial Court ("Massachusetts Housing Court"), (collectively, "the Judicial Defendants"), and Stuart Schrier in his capacity as receiver appointed by the Massachusetts Housing Court to bring

- 1 -

the disputed property into compliance with the state sanitary code ("Schrier"), (collectively, "defendants").

Pending before the Court are the motions of the City Defendants, the Judicial Defendants and Schrier to dismiss plaintiff's complaint.

I.  **Background**

James Dickey avers that he is the sole manager and member of the East Fourth St. LLC, which, in turn, is the record owner of the real property at 97 Mount Ida Road, Dorchester, MA ("the Mount Ida Property").

The Mount Ida Property fell into severe disrepair after it was damaged by a fire in August, 2011.  In 2013, the Inspectional Services Department of the City of Boston ("ISD") issued a citation finding the Mount Ida Property structurally unsound and in violation of the state sanitary code.  ISD issued a second violation in 2014 because the property remained in disrepair.  Finally, in September, 2015, ISD issued an order to raze the building on the Mount Ida Property.

Shortly thereafter, in October, 2015, Dickey filed his first lawsuit with respect to the Mount Ida Property.  Dickey sued ISD in Massachusetts Superior Court, alleging that ISD's raze order was unenforceable.  Upon ISD's motion, the case was dismissed.

In April, 2017, finding the property still in disrepair, ISD brought an action in Massachusetts Housing Court against Dickey seeking a restraining order and authorization to abate the conditions at the Mount Ida Property.  Dickey removed that action to this Court and simultaneously filed a federal civil action against ISD.  Another session of this Court dismissed Dickey's civil complaint and remanded ISD's case to the Massachusetts Housing Court.

ISD then filed a receivership action in the Massachusetts Housing Court, which Dickey again removed to federal court. United States District Judge Richard G. Stearns granted ISD's motion for remand to the state court.  Judge Stearns also noted that Dickey had failed to comply with a previous order by United States District Judge Leo T. Sorokin that required Dickey to inform the Court in any future filings that he had previously been admonished for filing frivolous and vexatious lawsuits. Judge Stearns warned Dickey that if he continued to disregard Court orders, he would be required to seek Court permission for any future filings.  Dickey appealed that decision to the First Circuit Court of Appeals where it is still pending.

In the instant action, Dickey alleges that the defendants participated in an elaborate scheme to seize properties in African American neighborhoods and place them into receivership

for the purpose of selling those properties to "friends of the court."  Dickey alleges in Count I that defendants violated the FHA and in Count II that he is entitled to equitable and ancillary relief as a result of the FHA violation. Specifically, Dickey seeks a declaratory judgment that defendants violated the FHA and an injunction to prevent defendants from enforcing the receivership of the Mount Ida Property.

## II.  **Motion to Dismiss**

### A.  **Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199

F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See <u>Nollet</u>, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. <u>Id.</u>  Accordingly, a complaint does not state a claim of relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. <u>Id.</u> at 1950.

**B. City Defendants' Motion to Dismiss**

The City Defendants move to dismiss plaintiff's complaint for the following independently sufficient reasons: 1) plaintiff lacks standing; 2) plaintiff fails to state a cognizable claim for relief; 3) plaintiff cannot represent the East Fourth Street, LLC pro se; and 4) plaintiff has failed to follow Court orders.  The City Defendants also ask this Court to issue an injunction barring plaintiff from filing additional complaints without Court permission.

1. **Lack of Standing**

The City Defendants submit that plaintiff's complaint should be dismissed because Dickey lacks standing to bring suit under the FHA.

Standing requires a showing that 1) plaintiff suffered an injury in fact 2) that is fairly traceable to the disputed conduct and 3) the relief sought will redress the injury sustained. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff fails to plead sufficiently that he meets any of the elements of standing.

As to the first prong, Dickey cannot demonstrate imminent or actual injury. An "injury in fact" is one that is "concrete and particularized," on the one hand, and "actual or imminent" (as opposed to conjectural or hypothetical), on the other. Id. at 560. Dickey is unable to point to any concrete injury he has suffered or will suffer as a result of defendants' allegedly discriminatory practices. The Mount Ida Property has not been sold and, in any event, plaintiff does not own the property. Consequently, plaintiff has not demonstrated injury in fact.

As to the second prong, even if Dickey individually owned the Mount Ida Property and that property had been sold, such an injury would not be fairly traceable to the complained of conduct. Traceability requires a causal connection between the

- 6 -

injury and the alleged misconduct.  <u>Simon</u> v. <u>Eastern Kr. Welfare</u>
<u>Rights Org.</u>, 426 U.S. 26, 41-42 (1976).  This causal connection
must be "demonstrable," as opposed to "overly attenuated." <u>Pagan</u>
v. <u>Calderon</u>, 448 F.3d 16, 27 (1st Cir. 2006).  Plaintiff
complains that the City Defendants have engaged in racial
discrimination by seizing property owned in the "African
American section" of the City of Boston and selling it to
"friends of the court."  Yet, plaintiff does not allege that he
is African American, a member of a protected class or even that
he himself has been subjected to discrimination.  As a result,
Dickey has not demonstrated the requisite causal connection for
standing.

Finally, as to the third prong, the relief plaintiff seeks,
an injunction against the receivership of the Mount Ida Property
and a declaration that the City Defendants have violated the
FHA, would not redress plaintiff's alleged injury.  To establish
redressability, a plaintiff must sufficiently allege that a
"favorable result in the litigation is likely to redress the
asserted injury." <u>Lujan</u>, 504 U.S. at 561.  Plaintiff, who does
not allege that he is African American and who does not allege
that he owns the Mount Ida Property or any other property in the
undefined "African American section" of the City of Boston,
would be unaffected by 1) a declaration of this Court that the

City Defendants engaged in racially discriminatory practices or 2) an injunction removing the Mount Ida Property receivership.

Accordingly, the City Defendants' motion to dismiss will be allowed because plaintiff lacks standing.

## 2. **Lack of a Cognizable Claim**

The City Defendants assert that plaintiff's complaint must be dismissed for the independent reason that Dickey has not stated a cognizable claim for relief under the FHA.

To state a claim for discriminatory practices under the FHA, a plaintiff must allege facts sufficient to show defendants acted with "discriminatory intent" or caused a "disparate impact." Macone v. Town of Wakefield, 277 F.3d 1, 5 (1st Cir. 2002).

Dickey fails to state a claim for relief under the FHA for many of the same reasons he fails adequately to allege standing. First, he does not proffer any evidence that the City Defendants intended to deprive him of his property because of his membership in a protected class or on the basis of his "race, color, religion, sex, handicap, familial status, or national origin," as required to show discriminatory intent under the FHA. 42 U.S.C. §§ 3604, 3605.  Second, Dickey does not aver that any of the properties mentioned in his complaint, including the

- 8 -

Mount Ida Property, is owned by members of a protected class, as required to show disparate impact under the FHA.  Id.

Accordingly, the City Defendants' motion to dismiss will be allowed because plaintiff has failed to state a claim for relief under the FHA.

### 3. **Plaintiff Cannot Represent East Fourth Street, LLC Pro Se**

Plaintiff claims he is the sole manager and member of the East Fourth Street, LLC, which owns the Mount Ida Property. Plaintiff has twice been informed by sessions of this Court that business entities, including limited liability companies, cannot litigate their claims pro se. See Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 36 n.2 (1st Cir. 2012).

Consequently, the City Defendants' motion to dismiss will be allowed because plaintiff, who is not an attorney, cannot litigate on behalf of East Fourth Street, LLC.

### 4. **Failure to Follow Court Orders**

As the City Defendants emphasize, this suit is, by this Court's count, the fourth meritless lawsuit filed and/or removed to this Court by plaintiff in four years regarding the Mount Ida Property.

In a 2016 lawsuit, Judge Sorokin warned plaintiff that in any future complaints filed in the District of Massachusetts, he was required to state that "one session of [the] Court warned

Plaintiff against filing frivolous or vexatious suits." Dickey v. City of Boston, No. 16-cv-10636-LTS, 2016 WL 7365167, at 3 n.6 (D. Mass. Dec. 19, 2016).  Plaintiff has failed to do so on at least two occasions.

In 2018, Judge Stearns reiterated Judge Sorokin's admonishment and cautioned plaintiff that "any further frivolous filings in the United States District Court for the District of Massachusetts -- whether removals or complaints -- will result in an injunction barring him from filing without prior permission of the court." City of Boston Inspectional Servs. Dep't v. Dickey, No. 18-cv-10143, No. 19 (D. Mass. Mar. 27, 2018).

Apparently undeterred by the warnings and orders of Judges Sorokin and Stearns, Dickey filed the instant action without mentioning his previously dismissed vexatious and frivolous suits.  It is, therefore, well within this Court's discretion to dismiss plaintiff's complaint with prejudice for that reason alone. See Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 9-10 (D. Mass. 2005) (dismissing plaintiff's complaint with prejudice as a proper sanction for circumventing court orders and continuously filing vexatious lawsuits).

Furthermore, in accordance with the previous warnings issued by this Court, plaintiff will now be ordered to seek

permission of the Court before filing any lawsuits, whether
removals or complaints, in the United States District Court for
the District of Massachusetts.

## C. **Judicial Defendants' Motion to Dismiss**

The Judicial Defendants also move to dismiss plaintiff's
complaint for lack of standing, inability to represent an LLC
pro se and failure to state a claim for relief under the FHA.
For the reasons discussed above with respect to the City
Defendants, the motion of the Judicial Defendants to dismiss on
each of those independent grounds will be allowed.

The Judicial Defendants move to dismiss for the additional
reason that plaintiff's complaint is barred by both judicial and
sovereign immunity.

### 1. **Judicial Immunity**

The Judicial Defendants assert that, as judicial officers,
they are entitled to absolute immunity from plaintiff's suit.

Judicial immunity "protects judges from suit for any normal
and routine judicial act," unless the act was taken in "clear
absence of all jurisdiction." McLarnon v. United States, No. 09-
10049-RGS, 2009 WL 1395462, *3-*4 (D. Mass. May 19, 2009).  The
purpose of this doctrine is to protect the administration of
justice by ensuring that a judicial officer is free from
apprehension of personal consequences when exercising the

authority vested in him/her. <u>Bradley</u> v. <u>Fisher</u>, 80 U.S. 335, 347 (1871).

Plaintiff complains that the Judicial Defendants are not entitled to immunity because they appointed receivers and held status conferences in contravention of their limited jurisdiction as officers of the Massachusetts Housing Court. Dickey misunderstands the authority vested in the Judicial Defendants by the Massachusetts legislature.  Enforcing the state sanitary code through the appointment of receivers and the holding of periodic status conferences is paradigmatic judicial action squarely within the jurisdiction of Massachusetts Housing Court Judges.  M.G.L. c. 111 § 127B ("The superior court, housing court, and district court shall have jurisdiction in equity to enforce the provisions of [the state sanitary code]."); M.G.L. c. 111 § 127I (providing that a court must appoint a receiver to bring a property into compliance with the state sanitary code if it is demonstrated that the violations will not be promptly remedied without a receiver and appointing a receiver is in the best interests of the property occupants).

This is not the first time that Dickey has challenged the receivership process. <u>Dickey</u> v. <u>Inspectional Servs. Dep't of the City of Boston</u>, No. 08-cv-11569, 2009 WL 2425957 (D. Mass. July 31, 2009) (upheld on appeal).  As was his previous challenge,

this current challenge is unavailing.  The Judicial Defendants
are entitled to judicial immunity and, therefore, their motion
to dismiss will be allowed.

### 2. Sovereign Immunity

The Judicial Defendants next move to dismiss plaintiff's
complaint as barred by sovereign immunity.

The Eleventh Amendment to the United States Constitution
bars claims brought by private citizens against a state in
federal court without the state's consent. U.S. Const. amend.
XI.  A suit against a state official in his official capacity
is, in every practical sense, a suit against the official's
office. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71
(1989).  Such a claim is, therefore, effectively a suit against
the state itself. Id.  Here, plaintiff is careful to name each
of the Judicial Defendants in their official capacities.  As
such, plaintiff is, in effect, suing the Commonwealth of
Massachusetts.

Absent express abrogation of sovereign immunity by
Congress, or a clear waiver by the state, private claims against
the state cannot be brought in federal court. Will, 491 U.S. at
75-76.  There is no question that the Commonwealth has not
waived sovereign immunity in this case.  Equally important,
plaintiff does not allege that Congress intended to abrogate

sovereign immunity with respect to private suits under the FHA.
Even if he had, such an argument would have failed. <u>See</u>,
<u>McCardell</u> v. <u>U.S. Dep't of Housing and Urban Dev.</u>, 794 F.3d
510, 522 (5th Cir. 2015) (collecting cases holding that Congress
did not intend to abrogate sovereign immunity to allow private
suits under the FHA).

Plaintiff's claims against the Judicial Defendants in their
official capacities are, therefore, barred by the Eleventh
Amendment to the United States Constitution.  Consequently, the
Judicial Defendants' motion to dismiss will be allowed.

### D. **Schrier's Motion to Dismiss**

Schrier moves to dismiss plaintiff's complaint on the
grounds that 1) the complaint fails to state a claim for relief
against Schrier as a receiver and 2) the Court lacks
jurisdiction.

First, a receiver may not be held personally liable for
"actions or inactions within the scope of the receiver's
capacity as receiver." M.G.L. c. 111 § 1271(a).  Recycling his
allegations against the Judicial Defendants, Dickey alleges that
Schrier's appointment as receiver of the Mount Ida Property was
outside of the limited scope of the Massachusetts Housing
Court's powers.  Here too, plaintiff's attempt to challenge the
receivership process is without merit.

- 14 -

Second, under Massachusetts law, "no suit shall be brought against [a] receiver except as approved by the court which appointed [that] receiver." M.G.L. c. 111 § 1271(b). Schrier was appointed as receiver by the Housing Court. Dickey does not allege that he obtained, or even sought, the Massachusetts Housing Court's approval to file suit against Schrier. As a result, this Court lacks jurisdiction over plaintiff's claims against Schrier as receiver of the Mount Ida Property.

For the independently sufficient reasons that Dickey fails to state a claim for relief against Schrier and this Court lacks jurisdiction, Schrier's motion to dismiss will be allowed.

### ORDER

For the forgoing reasons,

a. the motion of the City Defendants to dismiss all counts against them (Docket Entry No. 22) is **ALLOWED;**

b. the motion of the Judicial Defendants to dismiss all counts against them (Docket Entry No. 24) is **ALLOWED;**

c. the motion of the defendant Schrier to dismiss all counts against him (Docket Entry No. 12) is **ALLOWED.**

Furthermore, the request of the City Defendants to impose sanctions (Docket Entry No. 22) is **ALLOWED** and plaintiff is hereby enjoined from filing any new lawsuits, whether removals

or complaints, in this Court without first seeking permission of
the Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 17, 2019